Citation Nr: 1527848 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 09-17 558 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to service connection for residuals of spontaneous pneumothoraces, other than scars.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Sara Kravitz, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1984 to April 2006.

This appeal comes before the Board of Veterans' Appeals (Board) from a September 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Fort Harrison, Montana. Jurisdiction over the case was subsequently transferred to the RO in Portland, Oregon.

When this case was last before the Board in November 2014, it was remanded for further development as will be explained below.

The issue of an increased rating for service-connected residual scars from spontaneous pneumothoraces has been raised by the record in a June 2015 statement from the Veteran's representative indicating that he has scars that are painful and unstable, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2014). 

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The Veteran contends that service connection is warranted for residuals of spontaneous pneumothoraces, other than the already service-connected scars. He had spontaneous pneumothoraces in October 2004 and October 2005 during service. In October 2005, he underwent a left thoracoscopy with mechanical pleural abrasion. 

The Veteran has reported that since service, he has variously experienced symptoms such as shortness of breath, pain on his left side where incisions were made and left chest wall pain. He contends these are all due to his spontaneous pneumothoraces and resulting treatment in service.

In November 2014, the claim was remanded, as the previous examination report was inadequate because the Veteran reported that he still experienced symptoms, indicating that not all claimed residuals had resolved, and therefore the examiner should have provided opinions regarding the etiology of residual symptoms the Veteran had reported at any time during the period of the claim, regardless of whether he was currently experiencing them at the time of the examination. The claim was remanded for a new opinion addressing whether any residuals of spontaneous pneumothoraces, other than scars, have been present at any time during the period of the claim. 

The Board notes that during an April 2012 VA examination the Veteran stated that he still has occasional sharp left chest well pain and had concerns that a staple had come loose.

In July 2013, a VA examiner noted that the Veteran had no recurrence of chest pain and therefore had no residuals and stated that the Veteran noted that after his final procedure to treat the pneumothorax in 2006, he had continuous left chest wall pain which lasted until about 2010-11. He further stated that within the last year and a half that he did not have chest pain. The Veteran further noted that he thought his original claim was about the left lateral chest pain that he experienced after his thoracoscopic surgery, which has since resolved. 

The February 2015 VA examiner stated that it was less likely than not that the Veteran had any residuals of spontaneous pneumothoraces present since service, since the only residual identified on examination was scars. The examiner also noted that the Veteran's reactive airways disease identified on prior PFT's was unrelated to the pneumothorax but did not provide a rationale. The examiner noted that the Veteran had no pain, no dysesthesias, and no reproducible sensory symptoms upon examination that day. It was noted that the Veteran had a muscle injury to the left chest wall, intercostal muscle dissection, in 2004 and 2006. The muscle group affected was Group XXI, muscles of respiration, thoracic muscle group. 

In the Veteran's June 2015 appellant brief, his representative argued that the Veteran's residuals of his pneumothorax were not fully assessed in that he has flare ups that are productive of restrictive airways, and a painful chest, which were not fully acknowledged by the VA examination. The Board agrees that the examiner did not properly address whether the Veterans contentions of chest pain during the appeal period that later resolved were indicative of residuals of pneumothorax at those points in time, as the requirement that a current disability exist is satisfied if the claimant had a disability at the time his claim for VA disability compensation was filed or during the pendency of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007). These claimed chest pains during the appeal should be addressed upon remand. 

Accordingly, the case is REMANDED for the following actions:

1. Return the matter to the examiner that conducted the February 2015 examination (or a suitable substitute) to obtain an addendum. If the clinician determines that a new VA examination is necessary in order to provide the requested information, then one should be scheduled. The claims folder and a copy of this Remand should be made available to the medical professional. The examiner must review the electronic claims file, housed in VBMS and Virtual VA. A notation to the effect that this record review took place shall be included in the report of the examiner.

Specifically, the examiner must determine the following:

First, the examiner should provide an opinion as to whether the Veteran's claimed chest pain that resolved around 2010 or 2011 was at least as likely as not (50 percent or better probability) a residual of spontaneous pneumothoraces that was present at any time since the Veteran's discharge from service. It is noted in this regard that the examiner diagnosed a muscle injury to Group XXI and noted that prior PFT's showed restrictive airway disease. However, it is unclear if the injury to Group XXI and/or the restrictive airways disease explains the pain experienced by the Veteran that resolved in 2010 or 2011. The examiner should specifically address whether the restrictive airway disease was at least as likely as not a residual of the spontaneous pneumothoraces and provide a complete explanation for the opinion. 

Next, the examiner should specifically address the respiratory symptoms, including restrictive airway disease, and provide an opinion as to whether there is a 50 percent or better probability that these claimed residuals, as well as the aforementioned chest pain are otherwise attributable to the Veteran's active service.

All opinions and conclusions expressed by the examiner must be supported by a complete rationale. 

2. The Veteran's claims for service connection must then be readjudicated. If the claims remain denied, the Veteran must be furnished with a Supplemental Statement of the Case and given an opportunity to respond before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S.S. TOTH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).